UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE HILBURN,

                Plaintiff,

vs.                                            Case No. 8:10-CV-272-T-27EAJ

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Entry of Judgment with Remand (Dkt. 14) and Plaintiff's response (Dkt. 17). Upon consideration, the motion is GRANTED.

### *Background*

Plaintiff was prevented by hospitalization from testifying at a November 21, 2008 hearing below. Defendant requests a remand to the Commissioner to update the administrative record and offer Plaintiff an additional hearing at which Plaintiff can present her testimony. Plaintiff does not oppose remand if the hearing is conducted by a different Administrative Law Judge ("ALJ"). Plaintiff's counsel contends that the ALJ is biased against Plaintiff and deprived Plaintiff of the opportunity to testify "for the sole purpose of denying her claim." (Dkt. 17 at 3).[1] Plaintiff's counsel argues that the ALJ's actions at the November 21, 2008 hearing were "so egregious that the only way to give even the appearance of justice in this case" is to require that the post-remand hearing be held before a different ALJ. *Id.* at 4.

---

[1] Additionally, Plaintiff's counsel states that the ALJ found Plaintiff not disabled "based on facts which the ALJ *knew* could not support that finding." Dkt. 17 at 3 (emphasis added).

## *Discussion*

The selection of a new ALJ on remand is a decision ordinarily reserved for the Commissioner. *Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993). However, courts have directed that a new ALJ be assigned in certain circumstances. *See, e.g., Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996) (ALJ expressed bias against plaintiff's examining physician); *Ventura v. Shalala*, 55 F.3d 900, 905 (3d Cir. 1995) (ALJ expressed impatience and hostility to plaintiff and his representative).

Social Security regulations provide that "[a]n administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. § 404.940; 20 C.F.R. § 416.1440. The Eleventh Circuit has emphasized that "[t]he ALJ plays a crucial role in the disability review process. Not only is he duty-bound to develop a full and fair record, he must carefully weigh the evidence, giving individualized consideration to each claim that comes before him." *Miles*, 84 F.3d at 1401. "Because of the deferential standard of review applied to his decision-making, the ALJ's resolution will usually be the final word on a claimant's entitlement to benefits." *Id*. "The impartiality of the ALJ is thus integral to the integrity of the system." *Id*. (citing *Johnson v. Mississippi*, 403 U.S. 212, 216 (1971) ("Trial before 'an unbiased judge' is essential to due process.").

ALJs are presumed to be unbiased. *Schweiker v. McClure*, 456 U.S. 188, 195 (1982). "This presumption can be rebutted by a showing of conflict of interest or some other specific reason for disqualification." *Id*. The burden of making such a showing rests with the party asserting bias. *Id*. at 196. Additionally, the "appearance of impropriety" standard for recusal applicable to Article III judges, *see* 28 U.S.C. § 455(a), does not apply to ALJs: rather, actual bias must be shown. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003); *see also Greenberg v. Bd. of Governors of Fed.*

*Reserve Sys.*, 968 F.2d 164, 166-67 (2d Cir. 1992) ("The heightened standard cannot apply to administrative law judges who, after all, are employed by the agency whose actions they review. Otherwise, ALJs would be forced to recuse themselves in every case.").

At the November 21, 2008 hearing, Plaintiff was represented by a different attorney (albeit from the same law firm, apparently), Douglas Mohney. *See* R. at 14, 433, Dkt. 17-1 at 2. Mr. Mohney asserted his objection to proceeding in Plaintiff's absence but added: "I understand why the court is moving forward with [the hearing] because we're paying these experts to be here." *Id.* at 434. This motive for going forward with the scheduled hearing is so far from exhibiting "the worst form of bias," Dkt. 17 at 6, as Plaintiff's current counsel contends, that it does not suggest bias of any kind.

Additionally, in response to Mr. Mohney's request for a supplemental hearing at which Plaintiff would have the opportunity to testify, the ALJ responded: "Well, we'll grant that [request]." (R. at 442). The hearing was never held, and the ALJ's statement in his decision that counsel agreed to proceed without his client, *see* R. at 14, was inaccurate or at least incomplete. Although these facts may plausibly suggest inadvertence on the part of the ALJ,[2] they do not, without more, suggest bias or a "breach of good faith," Dkt. 17 at 7, as Plaintiff's counsel imagines.

A review of the hearing transcript shows that the ALJ exhibited a proper respect for Plaintiff's rights and the need to develop a complete record. First, as noted, the ALJ stated he would grant Mr. Mohney's request for a supplemental hearing. Second, in response to Mr. Mohney's frustration at the treating psychiatrist's delay in providing a written opinion, the ALJ directed counsel

---

[2] Plaintiff's counsel does not relate her firm's subsequent efforts or requests, if any, to schedule the supplemental hearing. *See* R. at 445 ("ALJ: 'Now what we'll do is before it will be rescheduled I'll–I'll pen a note–do not reschedule until contact made with Claimant's attorney. Okay? And in 30 days they will contact you if you haven't contacted me . . . .' [Mr. Mohney]: 'Yes, sir.'").

3

to "tell them that the Judge said you better get [it to Plaintiff's counsel]." *Id.* at 444. Third, the ALJ left the record open for 30 days (at the same time announcing that he would try to accommodate a request for a further extension if needed) because, as the ALJ put it, "we like to see justice done." *id.* at 445.

Plaintiff's counsel further objects that the ALJ either (1) ignored evidence that Plaintiff's only past employment was with her father's company (a fact the ALJ noted in his decision, *see* R. at 19) or (2) failed to address a legal argument that Mr. Mohney never made (although he may have vaguely suggested it, *see* R. at 442-43) at the hearing. Dkt. 17 at 7-8.

Furthermore, Plaintiff's counsel's unprofessional and evidently groundless hyberbole (comparing the hearing before the ALJ to a "classic 'Star Chamber' proceeding," *id.* at 9, characterizing the ALJ's straightforward statement that counsel's request for a supplemental hearing would be granted as a "veiled assurance," *id.*, and the ALJ's finding that Plaintiff was not disabled as "the final guillotine," *id.* at 10) does nothing to supply any facts plausibly supporting her serious accusations.

Otherwise, Plaintiff does not point to any specific conduct of the ALJ, other than his adverse decision, to warrant an order instructing the Commissioner to assign the matter to a different ALJ. As Plaintiff fails to demonstrate any bias that renders the ALJ unable to fulfill his duty to develop the facts and decide this matter impartially, Plaintiff's objections are overruled.

### *Conclusion*

For the foregoing reasons, Defendant's Motion for Entry of Judgment with Remand (Dkt. 14) is **GRANTED** for the purpose of updating the administrative record, offering an additional hearing to Plaintiff and her representative where Plaintiff can appear and present her testimony, and allowing the ALJ to review the record in conjunction with Plaintiff's testimony and determine

whether she is disabled.

The decision of the Defendant Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner pursuant to sentence four, 42 U.S.C. § 405(g). The Clerk is directed to enter judgment in favor of Plaintiff pursuant to sentence four, 42 U.S.C. § 405(g) and *Newsome v. Shalala*, 8 F.3d 775 (11th Cir. 1993).

If past due benefits are awarded on remand, Plaintiff may apply for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) within fourteen days after counsel receives notice from the Commissioner of a determination as to Plaintiff's past due benefits.

The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in chambers this 26th day of August, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record